```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
FRANCISCO BETANCOURT,

                Petitioner,
                                                    ORDER

     -against-                                      20-CV-3390(KAM)


UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On July 16, 2020, Francisco Betancourt ("Mr. Betancourt"), who, at that time, was temporarily incarcerated at the Metropolitan Detention Center in Brooklyn, New York, filed a *pro se* petition for a writ of *habeas corpus* in this District pursuant to 28 U.S.C. § 2241. (*See generally* ECF No. 1, Petition ("Pet.").) The government responded to Mr. Betancourt's petition, arguing that the petition should be transferred to a different judicial district, or dismissed without prejudice so that it could be re-filed elsewhere. (*See generally* ECF No. 9, Letter in Response to Petition ("Resp.").)

For the reasons that follow, Mr. Betancourt's petition is DISMISSED without prejudice. He may either file a motion for compassionate release pursuant to the First Step Act with the court that sentenced him, or re-file a petition for *habeas* relief in the judicial district where he is now incarcerated.

*First*, though styled as a petition for *habeas* relief pursuant to 28 U.S.C. § 2241, the majority of Mr. Betancourt's petition seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1) (the so-called "compassionate release" statute), in light of his pre-existing medical condition and the risks posed to him in prison by the COVID-19 pandemic. (*See* Pet. at 3-10.) A motion for compassionate release must be directed to the court that imposed the original sentence, because the motion is "a continuation of the prior criminal proceeding." *United States v. Arrango*, 291 F.3d 170, 171 (2d Cir. 2002). Mr. Betancourt was originally sentenced by Judge Stefan R. Underhill of the United States District Court for the District of Connecticut. (*See* Case No. 16-cr-238 (D. Conn.).) Thus, a motion for compassionate release should be directed to that court rather than this court.

*Second*, Mr. Betancourt's petition lists several alleged constitutional violations (though the basis for these alleged violations is not clear). (*See* Pet. at 2-3.) Allegations of constitutional violations may be raised in a *habeas* petition filed pursuant to 28 U.S.C. § 2241, but such a petition should be filed in the judicial district where the petitioner is incarcerated, because a court cannot issue a writ of *habeas corpus* without having jurisdiction over the custodian

of the petitioner.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 *habeas* petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").  At the time he filed his petition, Mr. Betancourt was temporarily confined at the Metropolitan Detention Center in this District.  However, at the time of the government's response, he was confined at FTC Oklahoma City in Oklahoma City, Oklahoma (Resp. at 2), and it now appears that he is confined at FCI Butner Medium II in Butner, North Carolina (*see* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.)  Thus, this court does not have jurisdiction over his custodian, the warden of his current facility, and so a *habeas* petition pursuant to 28 U.S.C. § 2241 should instead be filed in the United States District Court where Mr. Betancourt is currently confined.  *See Padilla*, 542 U.S. at 443 ("for core *habeas* petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

Accordingly, Mr. Betancourt's petition is DISMISSED without prejudice.  Should he wish to file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), he should file his motion with the clerk of the United States

3

District Court that sentenced him, that is, the District of Connecticut. Should he wish to file a *habeas* petition pursuant to 28 U.S.C. § 2241, he may re-file his petition in the United States District Court where he is currently confined. A re-filed petition should not count as a "second" or "successive" petition. *See Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) ("[W]here a first petition is dismissed for technical procedural reasons, . . . a refiling of that petition after complying with the required formalities does not qualify as 'second or successive.'") (quotations and citations omitted).

The court has entered this Order without waiting for Mr. Betancourt to file a reply to the government's letter, so that Mr. Betancourt may seek relief in the appropriate court as soon as possible. The briefing schedule previously entered by the court (ECF No. 7) is therefore VACATED.

The Clerk of Court is directed to (1) enter judgment dismissing the case without prejudice, (2) serve a copy of this Order and the judgment on Mr. Betancourt at FCI Butner Medium II, (3) note the mailings on the docket, and (4) close the case. Should the government have information indicating that Mr. Betancourt's current location is somewhere other than FCI Butner Medium II, the government is respectfully directed to serve a copy of this Order on Mr. Betancourt at that location.

Mr. Betancourt is denied a certificate of appealability, as he has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis status* is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:  Brooklyn, New York
        December 11, 2020

                                    _____/s/_____
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge